## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| CMC MATERIALS, INC., WILLIAM P. | : **SECURITIES EXCHANGE ACT OF 1934** |
| NOGLOWS, DAVID H. LI, RICHARD S. | : |
| HILL, BARBARA A. KLEIN, PAUL J. | : |
| REILLY, SUSAN M. WHITNEY, | : |
| GEOFFREY WILD, AND ANNE K. ROBY, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein.

### NATURE OF ACTION

1.      On December 14, 2021, CMC Materials, Inc. ("CMC Materials" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Entegris, Inc. ("Parent") and Yosemite Merger Sub, Inc. ("Merger Sub") (the "Proposed Merger").

2.      Under the terms of the Merger Agreement, CMC Materials' stockholders will receive $133.00 in cash and 0.4506 shares of Parent common stock per share.

3.      On January 28, 2022, defendants filed a S-4 Registration Statement (the "Registration Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4.      As alleged herein, the Registration Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 15 U.S.C. § 78aa because the Registration Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District.  *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8.     Plaintiff is and has been continuously throughout all relevant times the owner of CMC Materials common stock.  Plaintiff resides in this District.

9.     Defendant CMC Materials is a Delaware corporation.  CMC Materials' common stock is traded on the NASDAQ under the ticker symbol "CCMP."

10.     Defendant William P. Noglows is Chairman of the Board of Directors of CMC Materials (the "Board").

11.     Defendant David H. Li is President, Chief Executive Officer, and a member of the Board.

12.     Defendant Richard S. Hill is a member of the Board.

13.     Defendant Barbara A. Klein is a member of the Board.

14.     Defendant Paul J. Reilly is a member of the Board.

15.     Defendant Susan M. Whitney is a member of the Board.

16.     Defendant Geoffrey Wild is a member of the Board.

17.     Defendant Anne K. Roby is a member of the Board.

18.     Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19.     CMC is a leading global supplier of consumable materials primarily to semiconductor manufacturers.

20.     On December 14, 2021, CMC Materials' Board caused the Company to enter into the Merger Agreement.

21.     The press release announcing the Proposed Merger provides as follows:

Entegris, Inc. (NASDAQ: ENTG) and CMC Materials, Inc. (NASDAQ: CCMP) today announced a definitive merger agreement under which Entegris will acquire CMC Materials in a cash and stock transaction with an enterprise value of approximately $6.5 billion.

Under the terms of the agreement, CMC Materials shareholders will receive $133.00 in cash and 0.4506 shares of Entegris common stock for each share of CMC Materials common stock they own. The total per share consideration represents a 35% premium over CMC Materials' closing price on December 14, 2021, and a 38% premium to the 10-day volume weighted average share price. Upon completion of the transaction, Entegris shareholders will own approximately 91% of the combined company and CMC Materials shareholders will own approximately 9%. []

Additional Terms, Financing and Approvals

The transaction is to be financed with a combination of equity issued to CMC Materials, new debt and cash on hand. Entegris has obtained fully committed debt financing from Morgan Stanley Senior Funding, Inc.

The transaction is not subject to a financing condition.

The transaction is expected to close in the second half of 2022, subject to the satisfaction of customary closing conditions, including regulatory approvals and approval by CMC Materials shareholders.

Advisors

Morgan Stanley & Co. LLC is serving as exclusive financial advisor and Skadden, Arps, Slate, Meagher & From LLP is serving as legal counsel to Entegris. Goldman Sachs & Co. LLC is serving as financial advisor to CMC Materials, and Wachtell, Lipton, Rosen & Katz is serving as legal counsel.

22.     On January 28, 2022, defendants filed the Registration Statement, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

23.     The Registration Statement fails to disclose material information regarding CMC Materials' financial projections, specifically: the line items underlying the financial projections.

<u>Financial Analyses</u>

24.     The Registration Statement fails to disclose material information regarding the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs").

25.     Regarding Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the terminal values utilized by Goldman Sachs; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Goldman Sachs; (iii) the net debt utilized by Goldman Sachs; and (iv) the number of fully diluted shares utilized by Goldman Sachs.

26.     Regarding Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rate utilized by Goldman Sachs; (ii) the net debt utilized by Goldman Sachs; and (iii) the number of fully diluted shares utilized by Goldman Sachs.

27.     Regarding Goldman Sachs' Selected Precedent Transactions Multiples Analysis,

the Registration Statement fails to disclose the individual multiples for the transactions utilized by Goldman Sachs.

28.     Regarding Goldman Sachs' Premia Analysis, the Registration Statement fails to disclose: (i) the transactions utilized by Goldman Sachs; and (ii) the premia paid in the transactions utilized by Goldman Sachs.

**COUNT I**

**Claim Against the Individual Defendants and CMC Materials for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

29.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

30.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

31.     CMC Materials is liable as the issuer of these statements.

32.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

33.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

34.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

35.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

36.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Merger.

37.     Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

38.     Plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

39.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

40.     The Individual Defendants acted as controlling persons of CMC Materials within the meaning of Section 20(a) of the Exchange Act as alleged herein.

41.     Due to their positions as officers and/or directors of CMC Materials and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

42.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43.    Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

44.    The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Registration Statement.

45.    Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

46.    The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

47.    These defendants are liable pursuant to Section 20(a) of the Exchange Act.

48.    Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.    In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  February 11, 2022                    **GRABAR LAW OFFICE**

                                         By:  _____

                                              Joshua H. Grabar (#82525)
                                              One Liberty Place
                                              1650 Market Street, Suite 3600
                                              Philadelphia, PA 19103
                                              267-507-6085
                                              jgrabar@grabarlaw.com

                                              *Counsel for Plaintiff*

8